**FILED**

**August 21, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 10:20 AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Victor Magadan, | ) | Docket No. 2016-06-2107 |
| Employee, | ) | |
| v. | ) | |
| JS Gardening, LLC, | ) | State File No. 19824-2016 |
| Employer, | ) | |
| And | ) | |
| Auto Owners Insurance Company, | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

### EXPEDITED HEARING ORDER

JS Gardening filed a hearing request seeking an order allowing it to deny certain medical benefits. The undersigned conducted the hearing on August 17, 2017. The central legal issue is whether Victor Magadan's current need for treatment – surgery to correct an eye disorder and further treatment of left-ear hearing loss – relates to injuries he sustained in a fire at work. For the reasons set forth below, the Court holds JS Gardening is entitled to the requested relief.

### History of Claim

This Court granted Mr. Magadan medical benefits in a May 16, 2017 expedited hearing order.[1] Specifically, the Court held that Mr. Magadan sustained compensable injuries from a fire at work and ordered JS Gardening to re-initiate treatment with Drs. Ira Shivitz and David Fortune, authorized treating physicians, for injuries to his eyes and ears. JS Gardening complied with the order.

At a status conference on July 3, Mr. Magadan reported that Dr. Shivitz recommended surgery and Dr. Fortune referred him to a specialist, but JS Gardening

---

[1] In determining this claim, the Court takes judicial notice of testimony heard and exhibits admitted into evidence at the prior in-person Expedited Hearing. *See Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 457 n.1 (Tenn. 2012), holding, "we are permitted to take judicial notice of the facts from earlier proceedings in the same action."

declined to authorize treatment in accordance with these recommendations. Shortly afterward, JS Gardening filed medical records from both providers suggesting no causal link exists between Mr. Magadan's present need for treatment and the work incident. The Court ordered it to file a hearing request.

At the hearing, JS Gardening introduced records from a June 5 visit to Dr. Shivitz, where he diagnosed bilateral stationary peripheral pterygium and peripheral opacity of cornea of right eye. He wrote: "Discussed with pt through interpreter pterygium removal as treatment. Discussed through interpreter that workman's comp may not cover procedure as it is not likely due to accident that occurred over a year ago." JS Gardening sent a letter after this visit seeking Dr. Shivitz's causation opinion. Specifically, the letter asked, "Did the alleged March 4, 2016 accident contribute more than 50% in causing the bilateral stationary peripheral pterygium, considering all causes?" Dr. Shivitz circled "no." The letter additionally asked, "Did the alleged March 4, 2016 accident contribute more than 50% in causing the peripheral opacity of the cornea of the right eye, considering all causes? He again replied "no."

JS Gardening further introduced records of Dr. Fortune from a June 21 visit. Dr. Fortune wrote:

> Audio shows signs of malingering with POSITIVE STENGER TEST, inconsistent responses, and bone line below air line in right ear. Given signs of symptom magnification on today's audio, inconsistent history as noted, this changes my opinion significantly. Cannot now say with any degree of medical certainty that an ear injury occurred to the left or right ear as [a] result of work place incident, and today's results voids [sic] my previous impairment rating as well. . . . I suspect that there is not any work related hearing impairment from the incident in question.

(Emphasis in original.) Dr. Fortune recommended objective "ABR" testing for further clarification. JS Gardening authorized the ABR. After its performance, JS Gardening sent Dr. Fortune a letter asking about causation. The letter asked, "Does Victor Magadan have hearing loss that primarily arose out of and in the course and scope of the alleged on-the-job accident? An injury 'primarily arises out of' an incident at work if the incident at work contributes more than 50% in causing the injury, considering all causes." Dr. Fortune responded "no."

Mr. Magadan submitted no contrary medical proof. He testified that several medical bills from past treatment for the work injury remain unpaid. In the previous expedited hearing order, the Court ordered that JS Gardening pay any outstanding sums owed for past authorized treatment. JS Gardening said it intended to pay these bills but never received copies. After the hearing, Mr. Magadan gave copies of the bills to counsel.

2

## Findings of Fact and Conclusions of Law

At the previous expedited hearing, the Court held Mr. Magadan came forward with sufficient evidence from which the Court could determine he was "likely to prevail at a hearing on the merits" in order to meet his burden. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Considering this new medical proof, however, the Court now holds he is unlikely to prevail at a hearing on the merits regarding his entitlement to further medical benefits for his vision and hearing.

The Workers' Compensation Law defines an "injury" as an "injury by accident . . . arising primarily out of and in the course and scope of employment, that causes . . . the need for medical treatment." An injury causes the need for medical treatment only if it has been "shown to a reasonable degree of medical certainty" that it contributed more than fifty percent in causing the need for medical treatment, considering all causes. In addition, the opinion of the treating physician selected from a panel is presumed correct on the issue of causation, but this presumption is rebuttable by a preponderance of the evidence. *See generally* Tenn. Code Ann. § 50-6-102(14) (2016).

Here, the medical records from both physicians contain opinions that Mr. Magadan's present need for treatment is not related to the work incident. For confirmation, JS Gardening asked these doctors about causation using language nearly identical to the statutory definition of "injury." Under this standard, both physicians found no current causative link. Mr. Magadan offered no medical proof to the contrary. The Court is cognizant of Mr. Magadan's sincerely-held belief that the work incident caused his current conditions. However, our Appeals Board held that an employee's lay testimony, without corroborative expert testimony, does not constitute adequate evidence of medical causation. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *11-12 (Aug. 18, 2015). Notably, in *Scott*, the Appeals Board observed, "Judges are not well-suited to second guess a medical expert's treatment, recommendations, and or diagnoses absent some conflicting medical evidence or some other countervailing evidence properly admitted into the record." *Id.* at *8.

Therefore, as a matter of law, the Court holds Mr. Magadan has not come forward with sufficient evidence showing he is likely to prevail at a hearing on the merits that he is entitled to the proposed eye surgery or to further treatment for hearing loss.

**IT IS, THEREFORE, ORDERED** as follows:

1. JS Gardening may cease the provision of medical benefits as it relates to a proposed eye surgery and to further treatment for hearing loss at this time.

2. This matter is set for a Scheduling Hearing on **October 16, 2017, at 9:45 a.m. Central Time.** The parties must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing. Failure to call may result in a determination of the issues without the parties' participation. The Court recommends that Mr. Magadan arrange for the services of an interpreter at the hearing.

**ENTERED this the 21st day of August, 2017.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
A. Affidavit of Michael Haynie with attachments
  1. Dr. Shivitz, June 5, 2017 notes
  2. Dr. Shivitz causation letter
  3. Dr. Fortune, June 21, 2017 notes
B. Dr. Fortune causation letter
C. Mr. Magadan's statement

Technical Record:
1. Expedited Hearing Order Granting Medical Benefits
2. Order Resetting Scheduling Hearing
3. Order Setting Expedited Hearing
4. Request for Expedited Hearing
5. Employer's Brief

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 21st day of August, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Victor Magadan, Self-represented Employee | X | | | Taylorana11@bellsouth.net; 104 Fannin Dr. Lot H, Goodlettsville TN 37072 |
| Michael Haynie, Employer's Counsel | | | X | mhaynie@manierherod.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov